# PROFESSIONAL SERVICES AGREEMENT
# BETWEEN THE CITY OF MIAMI BEACH
# AND
# QUINN PROJECTS, LLC
# FOR PRODUCTION SERVICES FOR THE CULUTRAL PROGRAMMING OF "TRUST AS CURRENCY", MEMORIAL DAY WEEKEND, MAY 23-17, 2019

This Professional Services Agreement ("Agreement") is entered into this **9th** day of **May**, 2019, between the **CITY OF MIAMI BEACH, FLORIDA**, a municipal corporation organized and existing under the laws of the State of Florida, having its principal offices at 1700 Convention Center Drive, Miami Beach, Florida, 33139 ("City"), and **QUINN PROJECTS, LLC**, a Florida limited liability company, whose address is 2458 Flamingo Drive #7, Miami Beach, Florida 33140 ("Consultant").

## SECTION 1
## DEFINITIONS

| | |
|---|---|
| Agreement: | This Agreement between the City and Consultant, including any exhibits and amendments thereto. |
| City Manager: | The chief administrative officer of the City. |
| City Manager's Designee: | The City staff member who is designated by the City Manager to administer this Agreement on behalf of the City. The City Manager's designee shall be the Tourism and Culture Department Director. |
| Consultant: | For the purposes of this Agreement, Consultant shall be deemed to be an independent contractor, and not an agent or employee of the City. |
| Services: | All services, work and actions by the Consultant performed or undertaken pursuant to the Agreement. |
| Fee: | Amount paid to the Consultant as compensation for Services. |
| Risk Manager: | The Risk Manager of the City, with offices at 1700 Convention Center Drive, Third Floor, Miami Beach, Florida 33139; telephone number (305) 673-7000, Ext. 6435; and fax number (305) 673-7023. |

Exhibit 1

## SECTION 2
## SCOPE OF SERVICES

**2.1** In consideration of the Fee to be paid to Consultant by the City, Consultant shall provide the work and services described in the proposal attached as **Exhibit "A"** hereto (the "Services" or "Project"). Consultant is co-producing the Project with Team Ohhh, LLC, pursuant to a separate Professional Services Agreement.

Although Consultant may be provided with a schedule of the available hours to provide its services, the City shall not control nor have the right to control the hours of the services performed by the Consultant; where the services are performed (although the City will provide Consultant with the appropriate location to perform the services); when the services are performed, including how many days a week the services are performed; how the services are performed, or any other aspect of the actual manner and means of accomplishing the services provided. Notwithstanding the foregoing, all services provided by the Consultant shall be performed in accordance with the Proposal and to the reasonable satisfaction of the City Manager. If there are any questions regarding the services to be performed, Consultant should contact the following person:

> Matt Kenny, Director
> Tourism and Culture Department
> City of Miami Beach
> 1755 Meridian Avenue, 5th Floor
> Miami Beach, FL 33139

**2.2** Consultant's Services, and any deliverables incident thereto, shall be completed in accordance with the timeline and/or schedule in **Exhibit "B"** hereto.

## SECTION 3
## TERM

The term of this Agreement ("Term") shall commence upon execution of this Agreement by all parties hereto, and shall have a term of **ninety (90) days**.

Notwithstanding the Term provided herein, Consultant shall adhere to any specific timelines, schedules, dates, and/or performance milestones for completion and delivery of the Services, as same is/are set forth in the timeline and/or schedule referenced in **Exhibit "B"** hereto.

## SECTION 4
## FEE

**4.1** In consideration of the Services to be provided, Consultant shall be compensated on a fixed fee basis, in the amount of ▬▬▬▬ (the "Fee"). The Fee includes all out of pocket expenses and the curator fee for Consultant.

2

### 4.2 PAYMENT OF FEES AS FOLLOWS:

Payment #1- ███████████████████████████████████████ ), or 50% of project budget, to be paid upon execution of agreement.

Payment #2- ███████████████████████████████████ 40% of project budget, to be paid upon securing of locations, artists, technical and support team for project activations, as defined in **Exhibit "B"**.

Payment #3- Four thousand five hundred dollars and no center ($4,500.00), or 10% of project budget, to be paid upon completion of project, receipt of photo/video documentation of project activations, and receipts for out of pocket expenses.

### 4.3 INVOICING

Upon receipt of an acceptable and approved invoice, payment(s) shall be made within forty-five (45) days for that portion (or those portions) of the Services satisfactorily rendered (and referenced in the particular invoice).

Invoices shall include a detailed description of the Services (or portions thereof) provided, and shall be submitted to the City at the following address:

**Luis Wong, Administrative Services Manager**
**Tourism and Culture Department**
**1755 Meridian Avenue, 5th Floor**
**Miami Beach, FL 33139**
**luiswong@miamibeachfl.gov**

With copy to:
**Brandi Reddick, Cultural Affairs Manager**
**Tourism and Culture Department**
**1755 Meridian Avenue, 5th Floor**
**Miami Beach, FL 33139**
**brandireddick@miamibeachfl.gov**

### SECTION 5
### TERMINATION

### 5.1 TERMINATION FOR CAUSE

If the Consultant shall fail to fulfill in a timely manner, or otherwise violates, any of the covenants, agreements, or stipulations material to this Agreement, the City, through its City Manager, shall thereupon have the right to terminate this Agreement for cause. Prior to exercising its option to terminate for cause, the City shall notify the Consultant of its violation of the particular term(s) of this Agreement, and shall grant Consultant ten (10) days to cure such default. If such default remains uncured after ten (10) days, the City may terminate this Agreement without further notice to Consultant. Upon termination, the City shall be fully

3

discharged from any and all liabilities, duties, and terms arising out of, or by virtue of, this Agreement.

Notwithstanding the above, the Consultant shall not be relieved of liability to the City for damages sustained by the City by any breach of the Agreement by the Consultant. The City, at its sole option and discretion, shall be entitled to bring any and all legal/equitable actions that it deems to be in its best interest in order to enforce the City's right and remedies against Consultant. The City shall be entitled to recover all costs of such actions, including reasonable attorneys' fees.

### 5.2   TERMINATION FOR CONVENIENCE OF THE CITY

**THE CITY MAY ALSO, THROUGH ITS CITY MANAGER, AND FOR ITS CONVENIENCE AND WITHOUT CAUSE, TERMINATE THE AGREEMENT AT ANY TIME DURING THE TERM BY GIVING WRITTEN NOTICE TO CONSULTANT OF SUCH TERMINATION; WHICH SHALL BECOME EFFECTIVE WITHIN TEN (10) DAYS FOLLOWING RECEIPT BY THE CONSULTANT OF SUCH NOTICE. ADDITIONALLY, IN THE EVENT OF A PUBLIC HEALTH, WELFARE OR SAFETY CONCERN, AS DETERMINED BY THE CITY MANAGER, IN THE CITY MANAGER'S SOLE DISCRETION, THE CITY MANAGER, PURSUANT TO A VERBAL OR WRITTEN NOTIFICATION TO CONTRACTOR, MAY IMMEDIATELY SUSPEND THE SERVICES UNDER THIS AGREEMENT FOR A TIME CERTAIN, OR IN THE ALTERNATIVE, TERMINATE THIS AGREEMENT ON A GIVEN DATE. IF THE AGREEMENT IS TERMINATED FOR CONVENIENCE BY THE CITY, CONSULTANT SHALL BE PAID FOR ANY SERVICES SATISFACTORILY PERFORMED UP TO THE DATE OF TERMINATION; FOLLOWING WHICH THE CITY SHALL BE DISCHARGED FROM ANY AND ALL LIABILITIES, DUTIES, AND TERMS ARISING OUT OF, OR BY VIRTUE OF, THIS AGREEMENT.**

### 5.3   TERMINATION FOR INSOLVENCY

The City also reserves the right to terminate the Agreement in the event the Consultant is placed either in voluntary or involuntary bankruptcy or makes an assignment for the benefit of creditors. In such event, the right and obligations for the parties shall be the same as provided for in Section 5.2.

### SECTION 6
### INDEMNIFICATION AND INSURANCE REQUIREMENTS

### 6.1   INDEMNIFICATION

Consultant agrees to indemnify and hold harmless the City of Miami Beach and its officers, employees, agents, and contractors, from and against any and all actions (whether at law or in equity), claims, liabilities, losses, and expenses, including, but not limited to, attorneys' fees and costs, for personal, economic or bodily injury, wrongful death, loss of or damage to property, which may arise or be alleged to have arisen from the negligent acts, errors, omissions or other wrongful conduct of the Consultant, its officers, employees, agents, contractors, or any other person or entity acting under Consultant's control or supervision, in connection with, related to, or as a result of the Consultant's performance of the Services pursuant to this Agreement. To that extent, the Consultant shall pay all such claims and losses and shall pay all such costs and

4

judgments which may issue from any lawsuit arising from such claims and losses, and shall pay all costs and attorneys' fees expended by the City in the defense of such claims and losses, including appeals. The Consultant expressly understands and agrees that any insurance protection required by this Agreement or otherwise provided by the Consultant shall in no way limit the Consultant's responsibility to indemnify, keep and save harmless and defend the City or its officers, employees, agents and instrumentalities as herein provided.

The parties agree that one percent (1%) of the total compensation to Consultant for performance of the Services under this Agreement is the specific consideration from the City to the Consultant for the Consultant's indemnity agreement. The provisions of this Section 6.1 and of this indemnification shall survive termination or expiration of this Agreement.

### 6.2   INSURANCE REQUIREMENTS

The Consultant shall maintain and carry in full force during the Term, the following insurance:

1. Consultant General Liability, in the amount of $1,000,000;
2. Consultant Professional Liability, in the amount of $200,000; and
3. Workers Compensation & Employers Liability, as required pursuant to Florida Statutes.

The insurance must be furnished by insurance companies authorized to do business in the State of Florida. All insurance policies must be issued by companies rated no less than "B+" as to management and not less than "Class VI" as to strength by the latest edition of Best's Insurance Guide, published by A.M. Best Company, Oldwick, New Jersey, or its equivalent.

All of Consultant's certificates shall contain endorsements providing that written notice shall be given to the City at least thirty (30) days prior to termination, cancellation or reduction in coverage in the policy. The insurance certificates for General Liability shall include the City as an additional insured and shall contain a waiver of subrogation endorsement.

Original certificates of insurance must be submitted to the City's Risk Manager for approval (prior to any work and/or services commencing) and will be kept on file in the Office of the Risk Manager. The City shall have the right to obtain from the Consultant specimen copies of the insurance policies in the event that submitted certificates of insurance are inadequate to ascertain compliance with required coverage.

The Consultant is also solely responsible for obtaining and submitting all insurance certificates for any sub-consultants.

Compliance with the foregoing requirements shall not relieve the Consultant of the liabilities and obligations under this Section or under any other portion of this Agreement.

The Consultant shall not commence any work and or services pursuant to this Agreement until all insurance required under this Section has been obtained and such insurance has been approved by the City's Risk Manager.

5

## SECTION 7
## LITIGATION JURISDICTION/VENUE/JURY TRIAL WAIVER

This Agreement shall be construed in accordance with the laws of the State of Florida. This Agreement shall be enforceable in Miami-Dade County, Florida, and if legal action is necessary by either party with respect to the enforcement of any or all of the terms or conditions herein, exclusive venue for the enforcement of same shall lie in Miami-Dade County, Florida. By entering into this Agreement, Consultant and the City expressly waive any rights either party may have to a trial by jury of any civil litigation related to or arising out of this Agreement.

## SECTION 8
## LIMITATION OF CITY'S LIABILITY

The City desires to enter into this Agreement only if in so doing the City can place a limit on the City's liability for any cause of action, for money damages due to an alleged breach by the City of this Agreement, so that its liability for any such breach never exceeds the sum of the compensation/fee to be paid to the Consultant pursuant to this Agreement, less any amounts actually paid by the City as of the date of the alleged breach. Consultant hereby expresses its willingness to enter into this Agreement with Consultant's recovery from the City for any damages from any action for breach of contract to be limited to a maximum amount of the compensation/fee to be paid to the Consultant pursuant to this Agreement, less any amounts actually paid by the City as of the date of the alleged breach.

Accordingly, and notwithstanding any other term or condition of this Agreement, Consultant hereby agrees that the City shall not be liable to the Consultant for damages in an amount in excess of the compensation/fee to be paid to the Consultant pursuant to this Agreement, less any amounts actually paid by the City as of the date of the alleged breach, for any action or claim for breach of contract arising out of the performance or non-performance of any obligations imposed upon the City by this Agreement.

Nothing contained in this section or elsewhere in this Agreement is in any way intended to be a waiver of the limitation placed upon the City's liability, as set forth in Section 768.28, Florida Statutes.

## SECTION 9
## DUTY OF CARE/COMPLIANCE WITH APPLICABLE LAWS/PATENT RIGHTS; COPYRIGHT; AND CONFIDENTIAL FINDINGS

### 9.1   DUTY OF CARE

With respect to the performance of the work and/or service contemplated herein, Consultant shall exercise that degree of skill, care, efficiency and diligence normally exercised by reasonable persons and/or recognized professionals with respect to the performance of comparable work and/or services.

### 9.2    COMPLIANCE WITH APPLICABLE LAWS

In its performance of the work and/or services, Consultant shall comply with all applicable laws, ordinances, and regulations of the City, Miami-Dade County, the State of Florida, and the federal government, as applicable.

### 9.3    PATENT RIGHTS; COPYRIGHT; CONFIDENTIAL FINDINGS

Any work product arising out of this Agreement, as well as all information specifications, processes, data and findings, are intended to be the property of the City and shall not otherwise be made public and/or disseminated by Consultant, without the prior written consent of the City Manager, excepting any information, records etc. which are required to be disclosed pursuant to Court Order and/or Florida Public Records Law.

All reports, documents, articles, devices, and/or work produced in whole or in part under this Agreement are intended to be the sole and exclusive property of the City, and shall not be subject to any application for copyright or patent by or on behalf of the Consultant or its employees or sub-consultants, without the prior written consent of the City Manager.

### SECTION 10
### GENERAL PROVISIONS

### 10.1    AUDIT AND INSPECTIONS

Upon reasonable verbal or written notice to Consultant, and at any time during normal business hours (i.e. 9AM – 5PM, Monday through Fridays, excluding nationally recognized holidays), and as often as the City Manager may, in his/her reasonable discretion and judgment, deem necessary, there shall be made available to the City Manager, and/or such representatives as the City Manager may deem to act on the City's behalf, to audit, examine, and/ or inspect, any and all other documents and/or records relating to all matters covered by this Agreement. Consultant shall maintain any and all such records at its place of business at the address set forth in the "Notices" section of this Agreement.

### 10.2    [INTENTIONALLY DELETETD]

### 10.3    ASSIGNMENT, TRANSFER OR SUBCONSULTING

Consultant shall not subcontract, assign, or transfer all or any portion of any work and/or service under this Agreement without the prior written consent of the City Manager, which consent, if given at all, shall be in the Manager's sole judgment and discretion. Neither this Agreement, nor any term or provision hereof, or right hereunder, shall be assignable unless as approved pursuant to this Section, and any attempt to make such assignment (unless approved) shall be void.

### 10.4 PUBLIC ENTITY CRIMES

Prior to commencement of the Services, the Consultant shall file a State of Florida Form PUR 7068, Sworn Statement under Section 287.133(3)(a) Florida Statute on Public Entity Crimes with the City's Procurement Division.

### 10.5 NON-DISCRIMINATION

In connection with the performance of the Services, the Consultant shall not exclude from participation in, deny the benefits of, or subject to discrimination anyone on the grounds of race, color, national origin, sex, age, disability, religion, income or family status.

Additionally, Consultant shall comply fully with the City of Miami Beach Human Rights Ordinance, codified in Chapter 62 of the City Code, as may be amended from time to time, prohibiting discrimination in employment, housing, public accommodations, and public services on account of actual or perceived race, color, national origin, religion, sex, intersexuality, gender identity, sexual orientation, marital and familial status, age, disability, ancestry, height, weight, domestic partner status, labor organization membership, familial situation, or political affiliation.

### 10.6 CONFLICT OF INTEREST

Consultant herein agrees to adhere to and be governed by all applicable Miami-Dade County Conflict of Interest Ordinances and Ethics provisions, as set forth in the Miami-Dade County Code, as may be amended from time to time; and by the City of Miami Beach Charter and Code, as may be amended from time to time; both of which are incorporated by reference as if fully set forth herein.

Consultant covenants that it presently has no interest and shall not acquire any interest, directly or indirectly, which could conflict in any manner or degree with the performance of the Services. Consultant further covenants that in the performance of this Agreement, Consultant shall not employ any person having any such interest. No member of or delegate to the Congress of the United States shall be admitted to any share or part of this Agreement or to any benefits arising therefrom.

### 10.7 CONSULTANT'S COMPLIANCE WITH FLORIDA PUBLIC RECORDS LAW

(A) Consultant shall comply with Florida Public Records law under Chapter 119, Florida Statutes, as may be amended from time to time.

(B) The term "public records" shall have the meaning set forth in Section 119.011(12), which means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business of the City.

(C) Pursuant to Section 119.0701 of the Florida Statutes, if the Consultant meets the definition of "Contractor" as defined in Section 119.0701(1)(a), the Consultant shall:
    (1) Keep and maintain public records required by the City to perform the service;
    (2) Upon request from the City's custodian of public records, provide the City with a copy of the requested records or allow the records to be inspected or copied

8

        within a reasonable time at a cost that does not exceed the cost provided in Chapter 119, Florida Statutes or as otherwise provided by law;
- (3) Ensure that public records that are exempt or confidential and exempt from public records disclosure requirements are not disclosed, except as authorized by law, for the duration of the contract term and following completion of the Agreement if the Consultant does not transfer the records to the City;
- (4) Upon completion of the Agreement, transfer, at no cost to the City, all public records in possession of the Consultant or keep and maintain public records required by the City to perform the service. If the Consultant transfers all public records to the City upon completion of the Agreement, the Consultant shall destroy any duplicate public records that are exempt or confidential and exempt from public records disclosure requirements. If the Consultant keeps and maintains public records upon completion of the Agreement, the Consultant shall meet all applicable requirements for retaining public records. All records stored electronically must be provided to the City, upon request from the City's custodian of public records, in a format that is compatible with the information technology systems of the City.

(D) REQUEST FOR RECORDS; NONCOMPLIANCE.
- (1) A request to inspect or copy public records relating to the City's contract for services must be made directly to the City. If the City does not possess the requested records, the City shall immediately notify the Consultant of the request, and the Consultant must provide the records to the City or allow the records to be inspected or copied within a reasonable time.
- (2) Consultant's failure to comply with the City's request for records shall constitute a breach of this Agreement, and the City, at its sole discretion, may: (1) unilaterally terminate the Agreement; (2) avail itself of the remedies set forth under the Agreement; and/or (3) avail itself of any available remedies at law or in equity.
- (3) A Consultant who fails to provide the public records to the City within a reasonable time may be subject to penalties under s. 119.10.

(E) CIVIL ACTION.
- (1) If a civil action is filed against a Consultant to compel production of public records relating to the City's contract for services, the court shall assess and award against the Consultant the reasonable costs of enforcement, including reasonable attorney fees, if:
  - a. The court determines that the Consultant unlawfully refused to comply with the public records request within a reasonable time; and
  - b. At least 8 business days before filing the action, the plaintiff provided written notice of the public records request, including a statement that the Consultant has not complied with the request, to the City and to the Consultant.
- (2) A notice complies with subparagraph (1)(b) if it is sent to the City's custodian of public records and to the Consultant at the Consultant's address listed on its contract with the City or to the Consultant's registered agent. Such notices must be sent by common carrier delivery service or by registered, Global Express Guaranteed, or certified mail, with postage or shipping paid by the sender and with evidence of delivery, which may be in an electronic format.
- (3) A Consultant who complies with a public records request within 8 business days after the notice is sent is not liable for the reasonable costs of enforcement.

(F) **IF THE CONSULTANT HAS QUESTIONS REGARDING THE APPLICATION OF CHAPTER 119, FLORIDA STATUTES, TO THE CONSULTANT'S DUTY TO PROVIDE PUBLIC RECORDS RELATING TO THIS AGREEMENT, CONTACT THE CUSTODIAN OF PUBLIC RECORDS AT:**

**CITY OF MIAMI BEACH
ATTENTION: RAFAEL E. GRANADO, CITY CLERK
1700 CONVENTION CENTER DRIVE
MIAMI BEACH, FLORIDA 33139
E-MAIL: RAFAELGRANADO@MIAMIBEACHFL.GOV
PHONE: 305-673-7411**

## SECTION 11
## NOTICES

All notices and communications in writing required or permitted hereunder, shall be delivered personally to the representatives of the Consultant and the City listed below or may be mailed by U.S. Certified Mail, return receipt requested, postage prepaid, or by a nationally recognized overnight delivery service.

Until changed by notice, in writing, all such notices and communications shall be addressed as follows:

TO CONSULTANT:    **Jared McGriff
                  Quinn Projects, LLC
                  2458 Flamingo Drive, #7
                  Miami Beach, FL 33140**

TO CITY:          **Matt Kenny, Director
                  Tourism and Culture Department
                  1755 Meridian Avenue, 5th Floor
                  Miami Beach, FL 33139**

Notice may also be provided to any other address designated by the party to receive notice if such alternate address is provided via U.S. certified mail, return receipt requested, hand delivered, or by overnight delivery. In the event an alternate notice address is properly provided, notice shall be sent to such alternate address in addition to any other address which notice would otherwise be sent, unless other delivery instruction as specifically provided for by the party entitled to notice.

Notice shall be deemed given on the date of an acknowledged receipt, or, in all other cases, on the date of receipt or refusal.

## SECTION 12
## MISCELLANEOUS PROVISIONS

### 12.1 CHANGES AND ADDITIONS

This Agreement cannot be modified or amended without the express written consent of the parties. No modification, amendment, or alteration of the terms or conditions contained herein shall be effective unless contained in a written document executed with the same formality and of equal dignity herewith.

### 12.2 SEVERABILITY

If any term or provision of this Agreement is held invalid or unenforceable, the remainder of this Agreement shall not be affected and every other term and provision of this Agreement shall be valid and be enforced to the fullest extent permitted by law.

### 12.3 ENTIRETY OF AGREEMENT

The City and Consultant agree that this is the entire Agreement between the parties. This Agreement supersedes all prior negotiations, correspondence, conversations, agreements or understandings applicable to the matters contained herein, and there are no commitments, agreements or understandings concerning the subject matter of this Agreement that are not contained in this document. Title and paragraph headings are for convenient reference and are not intended to confer any rights or obligations upon the parties to this Agreement.

[REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]

**IN WITNESS WHEREOF,** the parties hereto have caused this Agreement to be executed by their appropriate officials, as of the date first entered above.

FOR CITY:                                                  **CITY OF MIAMI BEACH, FLORIDA**

ATTEST:

By: _____                    _____
      City Clerk                                                    City Manager

Date: _____


FOR CONSULTANT:                                    **QUINN PROJECTS, LLC**

ATTEST:


By: _____                    _____
                                                                     Jared McGriff

_____                           Jared McGriff, Project Manager/Owner
Print Name and Title                                      Print Name and Title

Date: _____

APPROVED AS TO
FORM & LANGUAGE
& FOR EXECUTION

_____  5/9/19
City Attorney         Date

12

**Exhibit A- Scope of Services**

**Quinn Projects, LLC will provide production services for the cultural programming of "Trust as Currency" for Memorial Day Weekend, May 23-27, 2019 as follows:**

## CURATED EXHIBITIONS
*All venues are suggestions and not yet confirmed. All venues shall be subject to mutual agreement of the parties. All installations shall be subject to review and approval by the City Manager's designee.*

***I See You, Too***, an exhibition about how propaganda and misinformation have compromised us. Co- curated by Octavia Yearwood, and PAMM DAMLI Curatorial Fellow Naiomy Guerrero (installed in an empty storefront on Lincoln Road, possible location 747 Lincoln Road)

***Black Florida: A Modern Archive by Johanne Rahaman***: South Florida photographer, Johanne Rahaman, is known for documenting Florida's historically black neighborhoods. The moving installation From the South to the Southernmost – Miami Beach' will be projected from various LED screens. The show featured images of the residents and community events Rahaman documented between 2015 and 2016 such as the Martin Luther King Jr. Day Parades in Liberty City and the monthly `Big Night in Little Haiti' community festival. (Mobile Installation).

***Vehicle Messaging Board Installation on Ocean Drive Closure*** - The medium is the message. Ever drive by one of those large digital road signs on the Causeway that advertise lane closures and warn against bad behavior? Let' s put those things to good use with poetic and witty interventions that subvert common narratives and promote a positive message. We see these as becoming huge marketing / Instagrammable moments in an otherwise overcrowded and undesirable area. (Installation would be within the road closure on Ocean Drive, between 5th and 7th Streets)

***Digital Campaign-*** Selection of top local and visiting photographers and influencers with high social media clout to help unpack cultural idioms and start to get the positive side of Memorial Day Weekend, out in the public realm. This will help to combat the incessant negative attacks from the media, and help to change perceptions. (Installation would exist digitally)

***Gospel Brunch-*** A culinary culture festival with food as the focal point. A Sunday celebration at the Botanical Gardens utilizing music and food to bring communities together and spark healthy conversation. (Miami Beach Botanical Gardens as possible location).

## COORDINATION WITH MIAMI BEACH CULTURAL ANCHORS
Tourism and Culture, along with the curatorial team, will be working with Miami Beach cultural anchors (The Bass, Miami New Drama, the Jewish Museum, etc.) to offer them $ 5, 000 each, should they be able to work with our curators to program installations within their spaces that utilize " Trust as Currency" as the overview.

## Development of Marketing Materials and Event Aesthetics
Produce marketing materials developed in an aesthetic that is consistent with the overarching theme of "Trust as Currency". Marketing materials will be used for social media promotion, event announcements, both print and digital, websites and e-flyers.

## Exhibit B- Delivery of Services and Project Milestones

| Program | Milestone | Date |
|---|---|---|
| Exhibition - I See You | Secure Location | 5/1/19 |
| Exhibition - I See You | Secure Curator | 5/1/19 |
| Exhibition - I See You | Secure Technical Components | 5/1/19 |
| Exhibition - I See You | Begin Installation | 5/15/19 |
| Exhibition - Trust As Currency | Identify Institution Partner | 5/1/19 |
| Exhibition - Trust As Currency | Secure Technical Components | 5/3/19 |
| Exhibition - Trust As Currency | Begin Installation | 5/15/19 |
| Installation - Digital Signage | Secure Artist | 5/3/19 |
| Installation - Digital Signage | Confirm Technical Execution/Process | 5/10/19 |
| Installation - ReFrame | Secure Artist | 5/3/19 |
| Installation - ReFrame | Secure Technical/Install Materials | 5/10/19 |
| Installation - ReFrame | Begin Installation | 5/15/19 |
| Storytelling | Secure Agency | 5/3/19 |
| General | Confirm General Program Flyer | 5/8/19 |
| Team | Secure Support Team | 5/3/19 |

# **MEMORANDUM**

Facts:

- City of Miami Beach commissioned a cultural event called "ReFrame" which "sparks crucial conversations about inclusion, surveillance, and propaganda using the works of local artists, curators, and organizers." The art exhibit in question was called "I See You, Too", an exhibition about how propaganda and misinformation have compromised us. Curated by Octavia Yearwood and Naiomy Guerrero and located at 737 Lincoln Road, Miami Beach, FL, a private venue. At some point, just before the opening of the exhibit, curators were instructed to remove a piece of art titled "Memorial for Raymond Herisse", which commemorated the police shooting of Herisse on Memorial Day Weekend 2011. The City claims the piece was removed after a discussion with curators; curators deny this claim and assert they were forced to remove the piece or have the entire exhibit shut down.
- News articles
    - Event Page
    - New Times - Before Event
    - RE: Miami Beach - After Event

Necessary Details

- Was there a contract? With whom?
- Were curators employed by the city?
- Who rented, controlled the property during the event?
- Who made the demand for removal? On whose authority?
- What was the curators' response?

Possible Defendants:

- Miami Beach, City Manager Jimmy Morales
- Miami Beach Police Department

Possible Causes of Action:

- Actions in Tort
    - 42 U.S.C. § 1983 - Free speech, Due Process, & Equal Protection
    - Title VII—Equal Employment Opportunity of The Civil Rights Act Of 1964
    - Equivalent FL Constitutional Violations
    - Tortious Interference / Negligent interference
    - Conversion
- Actions in Contract
    - Breach of contract
    - Breach of Implied Covenant of Good Faith and Fair Dealing

Possible Defenses:

- Government Speech Doctrine
    - http://www.abajournal.com/magazine/article/government_speech_doctrine_first_amendment/P1